## Herman *v.* Potamkin, Appellant.

*Partnership—Accounting—Judgment note—Opening judgment.*

Partnership articles provided that as security for the performance of the covenants therein contained each of the parties should deposit a judgment note with a notary to be "retained for the uses of the copartnership, and if any of the parties fail to well and truly do and perform any of

their duties in manner hereinafter set forth, the notes of such copartner should be given to the remaining partners at the discretion" of the notary. After the dissolution of the firm the notary gave the notes to one of the partners who claimed a considerable sum for advances to the firm, in addition to his share of profits. The latter entered up the notes. On a rule to open one of the judgments, *held*, (1) that the partnership agreement did not contemplate that the notes should be used by one of the partners to enforce claims against the others without any prior accounting; (2) that the judgment should be opened to permit the defendant to be heard on his denial of liability on the notes.

Argued Oct. 23, 1903.   Appeal, No. 175, Oct. T., 1903, by defendant, from order of C. P. No. 5, Phila. Co., June Term, 1903, No. 1267, discharging rule to open judgment in case of Herman & Cohen to use of Louis Herman v. Harry Potamkin.   Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Rule to open judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in discharging rule to open judgment.

*J. Howard Morrison*, with him *James Gay Gordon*, for appellant.—The general rule is that an action at law will not lie in favor of one or more partners or their representatives against one or more copartners or their representatives upon a demand growing out of a partnership transaction until there be a settlement of accounts and a balance struck: Ozeas v. Johnson, 4 Dall. 434; Walker v. Long, 2 Browne, 125; Patton v. Ash, 7 S. & R. 116; Andrews v. Allen, 9 S. & R. 241; Killam v. Preston, 4 W. & S. 14; McFadden v. Hunt, 5 W. & S. 468; Ferguson v. Wright, 61 Pa. 258; Leidy v. Messinger, 71 Pa. 177; Crow v. Green, 111 Pa. 637; Bittner v. Hartman, 139 Pa. 632; Murray v. Herrick, 171 Pa. 21; Hall v. Logan, 34 Pa. 331.

*C. J. Hepburn*, for appellee, cited: Carpenter v. Greenop, 74 Mich. 664 (42 N. W. Repr. 276); Jemison v. Walsh, 30 Ind. 167; Morrison v. Stockwell, 9 Dana (Ky.), 172.

OPINION BY HENDERSON, J., December 19, 1903:
This is an appeal from the decree of the court below re-

fusing to open a judgment confessed on a power of attorney. No depositions were taken on the rule to open the judgment, but the facts sufficiently appear in the affidavit in support of the rule and the answer thereto. The use plaintiff, the defendant, and three others entered into a contract of partnership on March 14, 1903, under the firm name of Herman, Cohen & Company. The agreement of partnership was in writing. Each of the partners contributed $50.00 to the joint capital. The business of the firm was the purchase and sale of fish. The sixteenth paragraph of the agreement provided as follows: " And that as a surety for the faithful performance of this agreement, and that neither of said parties shall buy and sell only such fish as shall be for or come from the common stock of copartnership, and that neither of them shall withdraw from the partnership without a notice as hereinbefore provided, and that settlement shall be made as aforesaid each of the parties deposits a judgment note for the sum of $200 with Gutman Klein, Esq., notary public, which notes shall be retained for the uses of the copartnership, and, if any of the partners fail to well and truly do or perform any of their duties in manner hereinbefore set forth, the notes of such copartner or copartners shall be given to the remaining copartners at the discretion of said Gutman Klein  . . . ." Pursuant to this part of the contract, each of the partners deposited with Gutman Klein his judgment promissory note March 14, 1903, payable one day after date for $200. After the business had been prosecuted for a time, the partnership was dissolved, for the reason, as claimed by the use plaintiff, that his copartners failed to perform their agreement, and failed to make settlement with the firm, and withdrew from the firm without the notice in the agreement provided for, and for the reason, as claimed by the defendant, that the use plaintiff refused to perform the agreement of partnership. After the dissolution, Klein delivered the notes, held by him under the agreement, to the use plaintiff, the latter claiming that the firm was indebted to him for advances made by him to the amount of $811.02, in addition to his share in the profits of the business. One of these notes the use plaintiff is now attempting to collect from the defendant. It will be observed that the note is payable to the order of Herman &

Cohen, and it clearly appears from the agreement of partnership that it was given as security or indemnity to the firm. Comment is made by the appellee on the fact that the name of the firm was Herman, Cohen & Company, whereas the notes are payable to Herman & Cohen, from which discrepancy it is contended that no inference arises that the payees in the note were the firm. It cannot be successfully contended, however, that it was not the intention of the parties to give the notes to the firm. No firm of Herman & Cohen other than that described in the article of agreement as Herman, Cohen & Company has been shown to exist, or is suggested as having had an existence, and it was evidently an oversight on the part of the person drawing the notes that the payee was not described in the identical terms of the name of the partnership. The security taken through the notes was for the use of the copartnership, all of the members of the firm having a joint interest therein and a right to the benefits to be derived therefrom. Nothing in the contract of partnership, or in the form of the notes, or in the relation of the parties, warrants the conclusion that it was in their contemplation that the notes should be appropriated by one of the members of the firm and used for the purpose of collecting a claim or claims alleged by him to be held against the firm for advances made on account of the partnership business. The state of the business apparently calls for an accounting, and the rights of the parties are to be worked out as their respective interests and liabilities may appear. By the plan adopted by the appellee, payment on a contract conditional as to its objects and purposes, without legal transfer to the use plaintiff, without an assignment of breaches, and without an inquiry, through competent evidence, of the liability of the partners to the firm and to each other, would be enforced in the interest of one of the partners without an opportunity on the part of the defendant to be heard as to the validity of the claim of the use plaintiff. The fact that the notes were surrendered by Klein does not change the rights of the parties with reference thereto. It is true the contract of partnership authorized the delivery to the "remaining copartners" of the note of any partner at his discretion. This could only be done, however, in case of the failure of such partner to perform his part of the contract, and

the possession of the notes by the "remaining copartners" would not of itself entitle them to collect the amount thereof without showing default on the part of the obligors.    We do not understand the effect of the sixteenth paragraph of the contract of partnership to be that Klein was made an arbitrator to hear and determine questions involving the rights and liabilities of the respective members with the firm, and to make an award binding upon the parties.    His authority was limited to the delivery of the notes to the remaining copartners, and we are not warranted under the terms of the agreement in investing him with the responsibility contended for.

We are unable to agree with the position of the appellee that delivery of the notes only took place when they were received by Herman, and that therefore he became the payee. The notes themselves expressly declare that the amount which might become due thereon shall be payable to the firm.    The appellee has not shown any title to the notes, nor right to collect the proceeds thereof for his own use.    The effect of such a proceeding would be to permit one of the five partners to compel a payment by his copartners of an alleged claim against the partnership without legal inquiry as to the validity or extent of the claim.    There is nothing in the case to warrant the conclusion that the use plaintiff became an innocent holder before maturity of the paper by reason of its delivery to him by Klein.

The rule that more than oath against oath must be presented to warrant the opening of a judgment is not applicable in this case.    The facts as to the history of the note and the purposes for which it was intended are not open to dispute. There is no pretense that anything was due from the obligor to the firm or to the use plaintiff when the note was given. His liability, if any existed, arose after the delivery of the note to Klein and became due to the firm.    Neither the payees in the note nor the copartners of the use plaintiff authorized entry of judgment on the note or are seeking to enforce collection.    The use plaintiff claims to be the owner of the note and authorized to enforce collection thereof in payment of his individual claim against the firm.    His right so to do has not yet been made apparent.    The defendant is entitled to be heard on his denial of liability on the note.

The judgment of the court is therefore reversed ; the rule to open the judgment is reinstated, and is now made absolute, and a procedendo awarded.